UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| ROBERT VELEZ, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 2:08-CR-68-JRG-MCLC-1 |
| | ) | | 2:13-CV-179-JRG |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Before the Court is the sole remaining ground for collateral relief in Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 470, 476, 487, 504]. In previously-entered Memorandum Opinions, the Court denied all grounds except for Petitioner's claim based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and stayed resolution of that final *Johnson*-based ground pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017) [Docs. 515, 542].[1] For the reasons discussed below, the stay will be **LIFTED** and the supplemented petition [Docs. 470, 476, 487, 504] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

On August 12, 2008, a federal grand jury returned a ten-count multi-defendant indictment charging Petitioner with one count of conspiracy to distribute and possess with intent to distribute Roxicodone, in violation of 21 U.S.C. §§ 846 (Count One), one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four), and four counts of using a telephone in committing or facilitating the drug

---

[1]    CJA counsel submitted a supplement in support of the *Johnson*-based relief [Doc. 531].

conspiracy, in violation of 21 U.S.C. § 843(b) (Counts Five, Six, Seven, and Eight) [Doc. 3]. On November 14, 2008, the grand jury returned a sixteen-count superseding indictment charging Petitioner with each of the counts from his original indictment, one additional count of using a telephone in committing or facilitating the drug conspiracy, in violation of 21 U.S.C. § 843(b) (Count Ten), two counts of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g), and one count of possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g) (Counts Fourteen, Fifteen, and Sixteen) [Doc. 65]. A second superseding indictment returned by the grand jury did not include any additional charges against defendant [Doc. 142].

On March 6, 2009, Petitioner signed a plea agreement with the United States in which he agreed to plead guilty to Count One—conspiracy to distribute and possess with intention to distribute oxycodone—in exchange for the United States dropping Counts Four, Five, Six, Seven, Eight, Ten, Fourteen, Fifteen, and Sixteen [Doc. 229 ¶¶ 1, 3]. A change of plea hearing was scheduled for March 23, 2009, but counsel filed a motion to "cancel [the] change of plea hearing" and continue to trial on March 18, 2009 [Doc. 231]. This Court allowed Petitioner to withdraw from the plea agreement and set a date for trial [Doc. 232].

On June 19, 2009, a jury convicted Petitioner on Counts One, Four, Five, Six, Seven, Eight, Ten, and Fourteen [Doc. 266]; he was acquitted of Count Fifteen and Count Sixteen was dismissed at request of the United States [Docs. 262, 266]. Based on prior Florida convictions for armed burglary of a dwelling [*Id.* ¶ 67], and felony battery resulting in great bodily harm, permanent disability, or disfigurement [*Id.* ¶ 70], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶ 52]. Petitioner received a total offense level of thirty-six, criminal history

2

category of VI, and resulting advisory Guideline range of 444 to 525 months' incarceration [Doc. 441]. The Court sentenced Petitioner to 444 months' imprisonment [Doc. 443].

Petitioner appealed, but the Sixth Circuit affirmed his conviction, sentence, and career offender designation. *See generally United States v. Velez*, 485 F. App'x 793 (6th Cir. 2012). The Supreme Court denied Petitioner's request for a writ of certiorari on October 29, 2012. *Velez v. United States*, 133 S. Ct. 556 (2012). Less than one year later—on July 3, 2013, Petitioner filed a § 2255 motion articulating nine grounds for relief [Doc. 470]. He amended the motion three times [Docs. 476, 487, 504]. This Court dismissed all but two of Petitioner's grounds for relief—ineffective assistance of counsel during the plea process [Doc. 470 pp. 34–38, 55–56], and entitlement to relief based on the *Johnson* decision [Doc. 504]—in a Memorandum Opinion entered on September 6, 2016 [Doc. 515]. The Court scheduled an evidentiary hearing on the ineffective assistance issue [Doc. 516], and appointed counsel to provide additional briefing related to the *Johnson*-based request for relief [Doc. 522].

## II.  STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

3

## III. ANALYSIS

Only a single ground for relief remains: the *Johnson* decision removed Florida burglary and Florida battery from Section 4B1.2's definition of "crime of violence" and that, without that conviction, Petitioner lacks sufficient predicate offenses for enhancement [Doc. 504 pp. 1–2; Doc. 531]].[2] On March 6, 2016, the Supreme Court held that the United States Sentencing Guidelines are "not amendable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result of the *Beckles* decision, the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's sentence.

## IV. CONCLUSION

For the reasons discussed above, the supplemented § 2255 motion [Docs. 470, 476, 487, 504] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See*

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

4

Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

5

Case 2:08-cr-00068-JRG-MCLC   Document 549   Filed 03/15/17   Page 5 of 5   PageID #: 2958